SENTELLE, Circuit Judge,
dissenting-in part.
I am completely in concurrence with the Court’s opinion denying Anheuser-Busch’s petition. I cannot concur in that portion of the opinion which grants the petition of the union.
To recap briefly what is well set forth in the opinion in the majority, Anheuser-Busch disciplined sixteen employees. It discharged five for violating the company’s drug use policy (and by all appearances, the drug laws of the state of Missouri and possibly the United States). It entered last-chance agreements with seven employees for leaving assigned work areas for extended periods, sleeping on the job, and urinating on the roof of the brew-house. It suspended four for leaving assigned work areas for extended periods. The Board, quite expectedly, approved this course of discipline. It did so acting under the authority of section 10(c) of the National Labor Relations Act (“the Act”), 29 U.S.C. § 160(c). That section provides, in pertinent part, “no order- of the Board shall require the reinstatement of any individual as an employee who has been suspended or discharged, or the payment to him of any backpay, if such individual was suspended or discharged for cause.” The employees whose status is at issue in the union’s petition were discharged or suspended for cause. The Board’s order, in perfect compliance. with the statute, did not require reinstatement. The Court holds this error.
My understanding of the role of the court in the application of a statute, and specifically in the review of statutory application by federal agencies, is that: “If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.” Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). That should be the end of the matter. We have no need for legislative history, Chevron step 2, or any other tools. The plain language of the statute is unambiguous. The Board followed that plain and unambiguous language. I would deny the petition.
The majority quotes from a Seventh Circuit decision, Communication Workers of Am. v. NLRB, 784 F.2d 847, 851 (7th Cir.1986), to the effect that “[sjection 10(c) does not speak to burdens of persuasion, fruits of violations, exclusionary rules, and the other paraphernalia of trials and inferences.” This is correct. It does not. It says, absolutely and unqualifiedly, that “[n]o order of the Board shall require the reinstatement of any individual as an employee who has been suspended or discharged, or the payment to him of any back pay if such individual was suspended or discharged for cause.” 29 U.S.C. § 160(c). The employees in the order at issue before us were reinstated with back-pay by reason of their having been discharged for cause. The statute plainly covers the circumstance. The statute does not say that this statute shall not apply where a court can think of a methodology that derails the truth-seeking function of the hearing in such a fashion as to require *50 everyone involved to pretend that the employees did not commit the misconduct in order to keep these sections from applying.
I would perhaps be able to better accept the majority’s reasoning if it were offered in support of a Chevron analysis upholding a decision the Board had made. Here, where it is used solely for the purpose of reversing a decision that the Board has made, it seems to me wholly inappropriate.
In short, the language of the statute is clear. There is nothing in legislative history or in Supreme Court decisions compelling or even counseling a departure from that plain language. The Board was correct. I would deny the union’s petition.